UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Erskine Hodge,** | Civil No. 10-769 (RHK/JJG) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Scott Fisher,** | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1).  Petitioner Erskine Hodge, currently incarcerated at the federal prison in Sandstone, is representing himself.  Respondent Scott Fisher, who appears in his capacity as warden of the Sandstone prison (the Warden), is represented by D. Gerald Wilhelm, Assistant U.S. Attorney.  The petition is referred for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a).

**A.     Background**

This matter arises out of disciplinary proceedings against Mr. Hodge (Hodge) while he was incarcerated at the federal prison in Schuylkill, Pennsylvania.  A member of the prison staff allegedly saw Hodge removing a bowl of uncooked chicken from the dining hall on December 2, 2008.  (Exh. 1.)[1]

---

[1]     Exhibits are listed in an appendix at the end of this report and recommendation.

In the ensuing investigation, Hodge was advised of his right to remain silent and then was asked whether he wanted to make a statement about the incident. Hodge told prison officials that the chicken was cooked, not raw, and that it belonged to another prisoner. (*Id.*)

The day after the incident, on December 3, 2008, Hodge received written notice of that he was being charged with "possession of anything not authorized." In the notice, this offense was initially listed as a "Code 310," but this code actually refers to the offense of "unexcused absence from work or any assignment." At some point thereafter, prison officials discovered the error, and ensuing records correctly indicate a "Code 305." *See generally* Bureau of Prisons, Program Statement 5270.08, ch. 4 p. 10. (*See id.*)

The charge proceeded to a disciplinary hearing January 5, 2009. At the hearing, Hodge admitted that he had taken chicken out of the dining hall, but again emphasized that the chicken was cooked, not raw. The hearing officer also received testimony from two other prisoners, who offered consistent statements. (Exh. 2.)

Based on the report from the staffer who reported the offense, as well as the statements from Hodge, the hearing officer found that Hodge had taken chicken outside the dining hall. Because Hodge did not have permission to do so, regardless of whether the food was cooked, the hearing officer concluded that Hodge committed the offense. As a sanction, the hearing officer revoked eighteen days of vested good time and forfeited another forty days of nonvested good time, among other losses of privileges. (*Id.*)

Through administrative appeals, Hodge challenged this outcome. He argued that he did not receive proper notice of the charge; that the disciplinary hearing did not satisfy due process; and that the sanctions were too severe for the offense. These appeals were rejected, and Hodge filed his petition for a writ of habeas corpus. (*See* Exhs. 3 – 6.)

**B.     Discussion**

   **1.     Violation of 28 C.F.R. § 541.15(a)**

Hodge argues in part that prison officials violated 28 C.F.R. § 541.15(a) by not giving him notice of the charge within twenty-four hours of his alleged commission of the offense.[2] This regulation provides,

> Staff shall give each inmate charged with violating a [prison] rule a written copy of the charge(s) against the inmate, ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident.

Because the regulation provides that notice "ordinarily" be given during this period, this notice is not mandatory. If a prisoner does not receive notice within twenty-four hours of the offense, but the prisoner receives actual notice and suffers no other prejudice in preparing for the disciplinary hearing, there is not cause for habeas relief. *See Dedrick v. Daniels*, 386 Fed.Appx. 810, 811-12 (10th Cir. 2010); *Barner v. Williamson*, 233 Fed.Appx. 197, 199 (3d Cir. 2007) (per curiam).

The record here reveals that, about one day after Hodge allegedly committed the offense, he received notice of the charge. The notice said that Hodge was being charged with possession of anything unauthorized. Although the notice had a clerical error, listing the code for a different offense, the record plainly shows that the charges related to possession of food outside the dining hall.

During the hearing, Hodge discussed his possession of the chicken, and he had two other prisoners testify about the incident. This shows that Hodge understood the charges and that he had a reasonable opportunity to prepare for the hearing. There is no indication that the coding

---

[2]     Hodge also cites Program Statement 5270.07, which has since been superseded by Program Statement 5270.08. Both include a verbatim recitation of § 541.15(a). Hodge has not asserted that the program statements offer any additional guidance on this issue, and therefore, they do not require further discussion here.

error in the original notice caused any prejudice to Hodge. Assuming for the sake of argument there was any violation of § 514.14(a), it does not provide Hodge with cause for relief here.

### 2. Sufficiency of Evidence

Hodge also argues that, because there was not sufficient evidence for the hearing officer to find the offense was committed, the disciplinary proceedings violated due process. On habeas review of disciplinary proceedings, the findings of a hearing officer do not violate due process so long as the findings are supported by "some evidence." *See, e.g., Espinoza v. Peterson*, 283 F.3d 949, 952 (8th Cir. 2002).

Pursuant to this standard, a reviewing court does not weigh any of the evidence before the hearing officer. There need only be enough evidentiary support to show that the findings of the officer were not arbitrary. *Id.*; *Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993).

Citing the Tenth Circuit decision in *Brown v. Smith*, Hodge contends that a single report from a prison staffer does not satisfy the "some evidence" standard. 828 F.2d 1493 (10th Cir. 1987) (per curiam). But *Brown* does not support this proposition. There the court ruled that the statement of an unidentified, confidential informant, along with polygraph tests and inconclusive statements from other prisoners, did not meet the standard. *Id.* at 1495.

Contrary to what Hodge argues, an uncorroborated report from a prison staffer is enough to constitute "some evidence." *See, e.g., Bandy-Bey v. Crist*, 578 F.3d 763, 766 (8th Cir. 2009) (quoting *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008)).

According to the record here, a prison staffer saw Hodge with chicken outside the dining hall. This report, therefore, is enough to support the findings of the hearing officer and satisfy due process. But as the record indicates, Hodge himself admitted that he had chicken outside the

4

dining hall, and two other prisoners corroborated this account. This evidence bolsters the findings of the hearing officer.

Hodge argues that the chicken was cooked, and moreover, the prison had not previously disciplined prisoners for taking food outside the dining hall. This Court generally observes that prison officials have ample reason to prevent prisoners from taking food outside the dining hall, regardless of whether the food is raw or cooked. As a result, there is no doubt that possession of food outside the dining hall is unauthorized. Nor is there evidence, beyond what Hodge claims, that prison officials did not enforce this rule.

More importantly, these concerns do not influence the underlying question, whether the evidence was sufficient to support the findings of the hearing officer. These concerns, therefore, do not warrant any habeas relief.

### 3. Severity of Sanctions

Hodge further contends that the sanctions were so severe that they violated due process. Prison officials have discretion to impose disciplinary sanctions, and unless the exercise of that discretion is arbitrary or unreasonable, the sanctions must be upheld. *Glouser v. Parratt*, 605 F.2d 419, 420-21 (8th Cir. 1979) (per curiam).

Although Hodge suggests that his sanctions were worse than those imposed on other prisoners for possession of contraband, there is no indication that the sanctions were arbitrary or unreasonably severe. With due regard for prison officials' discretion, there is no reason to disturb those sanctions here.[3]

---

[3] Hodge suggests that, as part of the sanctions for his offense, he was transferred from Schuylkill to Sandstone. But there is no indication that the hearing officer recommended this sanction, or that the offense caused prison officials to implement the transfer.

In his petition, Hodge adds that the sanctions constitute cruel and unusual punishment, in violation of the Eighth Amendment; and that they do not satisfy guarantees of equal protection under the law, in violation of the Fourteenth Amendment. In his administrative appeals from the disciplinary hearing, however, he did not advance either argument.

When a federal prisoner petitions for a writ of habeas corpus under § 2241, the prisoner is ordinarily required to exhaust administrative remedies. *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007). This requirement is driven by concerns such as respect for prison administration. *See generally Gonzalez v. O'Connell*, 355 F.3d 1010, 1017 (7th Cir. 2004).

If a federal prisoner advances several arguments in the petition, but the prisoner failed to exhaust some of those arguments during administrative appeals, a court has discretion to reject those arguments that were not properly exhausted. *See, e.g., Hach v. Anderson*, 191 Fed. Appx. 511, 511 (8th Cir. 2006) (per curiam); *Thompson v. Outlaw*, 138 Fed.Appx. 893, 893 (8th Cir. 2005) (per curiam).

Hodge did not mention cruel and unusual punishment under the Eighth Amendment, or equal protection under the Fourteenth Amendment, in the course of his administrative appeals. Because Hodge did not exhaust these arguments, prison officials were denied the opportunity to address them, and this Court does not think it appropriate to consider their merits.

### 4. Procedural Issues

In addition to the issues presented by the petition, there are also two pending motions. Believing the Warden did not file a timely response to the petition, Hodge moved for summary judgment. The record indicates, and Hodge has since conceded, that the Warden's response was timely. This motion, therefore, is properly denied.

Hodge also moved for additional time to file his reply to the Warden's response. While this motion was pending, Hodge went ahead and filed his reply, with no unfair prejudice to the Warden. This Court accepts the reply as filed, and with due consideration of that reply, thinks it appropriate to deny the motion for additional time as moot.

**C.    Conclusion**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Hodge's petition for a writ of habeas corpus (Doc. No. 1) be **DENIED.**

2. Hodge's motion for summary judgment (Doc. No. 8) be **DENIED.**

3. Hodge's motion for additional time to file (Doc. No. 10) be **DENIED AS MOOT.**

4. This matter be **DISMISSED** and judgment entered.

Dated this 9th day of February, 2011.

                                            s/ *Jeanne J. Graham*
                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **February 25, 2011.** A party may respond to the objections within fourteen days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.

**APPENDIX**

Exh. 1   Incident Report of J. Burning (Dec. 3, 2008) (Decl. of A. Kinyon (Apr. 8, 2010), Exh. 2) [Doc. No. 6].

Exh. 2   Discipline Hearing Officer Report of K. Bittenbender (Jan. 13, 2009) (Decl. of A. Kinyon (Apr. 8, 2010), Exh. 2) [Doc. No. 6].

Exh. 3        Regional Office Appeal of E. Hodge (Jan. 28, 2009) (Petition Exh.) [Doc. No. 1].

Exh. 4        Response of D.S. Dodrill (Mar. 4, 2009) (incomplete) (Petition Exh.) [Doc. No. 1].

Exh. 5        Central Office Appeal of E. Hodge (Apr. 28, 2009) (Petition Exh.) [Doc. No. 1].

Exh. 6        Response of H. Watts (July 22, 2009) (Petition Exh.) [Doc. No. 1].